UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SPANO,<br><br>        Plaintiff,<br><br>    v.<br><br>SUNIL SURI, et al.,<br><br>        Defendants. | Case No. 25-cv-04379-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>Re: Dkt. No. 76 |

Pending before the Court is Defendants' motion to dismiss Plaintiff's complaint. *See* Dkt. No. 76 ("Mot."); Dkt. No. 78 ("Opp."); Dkt. No. 79 ("Reply"). The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons discussed below, the Court **GRANTS IN PART** and **DENIES IN PART** the motion to dismiss.

## I. BACKGROUND

Plaintiff James Spano filed a lawsuit against Defendants Sunil Suri and BCF Loans, Inc. ("BCF") in the Southern District of New York in September 2023, bringing claims for fraud and conversion. *See* Dkt. No. 1 ("Compl.") ¶¶ 28–37. Plaintiff claims that he gave Defendant Suri $335,000 to leverage a merger between Sol-REIT Advisors, LLC—a company Plaintiff partially owned and had an outstanding capital call in—and Defendant BCF. *Id.* ¶¶ 10, 19, 22. Plaintiff claims that Defendant Suri misrepresented that he had the financial ability to purchase Sol-REIT. *Id.* ¶¶ 16, 21. After the transfer, Defendant Suri allegedly withdrew Plaintiff's money to secretly buy stock. *Id.* ¶ 23. When Plaintiff realized Defendant Suri would not purchase Sol-REIT, he demanded his money back, but Defendant Suri allegedly withheld the money, despite repeatedly stating that he would send it to Plaintiff. *Id.* ¶¶ 24–26. Plaintiff alleges that Defendant Suri was

acting "for himself and BCF." *Id.* ¶¶ 20, 26.

Plaintiff now seeks to recover from Defendants on theories of fraud and conversion. Following protracted litigation over a default judgment, the case was transferred here in May 2025. *See* Dkt. No. 31 (motion to set aside default judgment); Dkt. No. 60 (transfer). Defendants moved to dismiss all claims. Dkt. No. 76.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quotation omitted).

When fraud is an essential element of a claim, Rule 9(b) imposes a heightened pleading standard. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); *see also Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003). A plaintiff must identify "the who, what, when, where, and how" of the alleged conduct to provide defendants with sufficient information to defend against the charge. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997) (quotation omitted).

2

However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

Even if the court concludes that a 12(b)(6) motion should be granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted).

### III. DISCUSSION

Defendants argue that Plaintiff's fraud and conversion claims fail to satisfy Rule 9(b)'s particularity requirement. Mot. at 9–17. Defendants also argue that Plaintiff impermissibly lumps together allegations about Defendants Suri and BCF in his complaint. *Id.* at 17–19.

#### i. Fraud (Claim One)

Defendants argue that Plaintiff has not met Rule 9(b)'s requirements because he has not identified "statements that can properly be described as fraudulent," and "none of the identified statements about [Defendant Suri's] possible plans and speculative transactions contain factual misstatements that have been set forth in the Complaint." *Id.* at 9, 11.

Plaintiff must plead "what is false or misleading about a statement, and why it is false," which he can do "by pointing to inconsistent contemporaneous statements or information (such as internal reports) which were made by or available to the defendants." *Rubke v. Cap. Bancorp Ltd*. 551 F.3d 1156, 1161 (9th Cir. 2009) (quotation omitted). Here, Plaintiff argues that Defendant Suri misrepresented "that he was interested in purchasing Sol-REIT, that he had the means to do so, and that he would use the $335,000 . . . to meet the capital call [and,] if necessary, as leverage in negotiations over purchasing Sol-REIT," despite the fact that this was "a ruse to gain access to [Plaintiff's] money." Opp. at 9–10 (citing Compl. ¶¶ 12–21). In short, Plaintiff alleges that Defendant Suri misrepresented both his intent and his ability to purchase Sol-REIT.

Defendants argue that these conclusory allegations about future intent and ability to pay are insufficient without more. Mot. at 11–13. "While intent may be alleged generally under Rule 9(b), the element of falsity requires the plaintiff to point to facts which show the statement was false at the time it was made," and conclusory allegations about a "secret intent" and the failure to

3

perform the promise don't adequately plead that the statement was false at the time the defendant made it. *RHUB Commc'ns, Inc. v. Karon*, No. 16-CV-06669-BLF, 2017 WL 3382339, at *10 (N.D. Cal. Aug. 7, 2017); *Sanchez v. Aurora Loan Servs., LLC*, 2014 WL 12589660, at *19–*20 (C.D. Cal. June 10, 2014) (same); *Tenzer v. Superscope, Inc.*, 39 Cal. 3d 18, 30 (1985) ("[S]omething more than nonperformance is required to prove the defendant's intent not to perform his promise." (quotation omitted)).

Here, Plaintiff has failed to sufficiently plead falsity. Plaintiff alleges that Defendant Suri did not intend to honor his promise, but he provides no factual basis from which this Court can infer this to be the case, beyond the fact that Defendant Suri did not end up using the funds to buy Sol-REIT. Plaintiff comes close by alleging that "[a]t no time did Mr. Suri have access to funds sufficient to purchase Sol-REIT." Compl. ¶ 21; *see R Power Biofuels, LLC v. Chemex LLC*, No. 16-CV-00716-LHK, 2017 WL 1164296, at *11 (N.D. Cal. Mar. 29, 2017) (noting that "fraudulent intent has been inferred from such circumstances as defendant's insolvency" (quoting *Tenzer*, 39 Cal. 3d at 30)).[1] But Plaintiff offers no factual basis supporting this conclusory allegation.

Plaintiff does not seriously address Defendants' argument that this is inadequate, instead arguing that he "has no way of ascertaining what Mr. Suri did . . . with the $335,000," and that Rule 9(b) can be relaxed "where the evidence of fraud is within a defendant's exclusive possession." Opp. at 11 (quoting *U.S. ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001)). First, the Court's concern is the lack of a factual basis for Plaintiff's allegations about Defendant Suri's intent and ability to pay at the time of the relevant statements,

---

[1] The California Supreme Court has mentioned that "fraudulent intent has been inferred from such circumstances as defendant's insolvency, his hasty repudiation of the promise, his failure even to attempt performance, *or his continued assurances after it was clear he would not perform*." *Tenzer*, 39 Cal. 3d at 30 (emphasis added). Plaintiff does not make this clear in his opposition, but his allegation that "Mr. Suri repeatedly lied that the money would be sent [back] to him shortly or that it was already wired to Mr. Spano's account," Compl. ¶ 25, arguably pleads continued assurances from Defendant Suri that he would honor the promise to return the money after it was clear he would not do so. But the Court struggles to see how this alone could create a reasonable inference that Defendant Suri was never able to buy Sol-REIT or never intended to, and cases finding that continued assurances created an inference of fraudulent intent did so when there was also other circumstantial evidence of such intent. *See, e.g.*, *UMG Recordings, Inc. v. Glob. Eagle Ent., Inc.*, No. CV 14-3466 MMM (JPRx), 2015 WL 12746208, at *15–*16 (C.D. Cal. Oct. 30, 2015) (continued assurances and failure even to attempt performance).

4

not about what he ultimately did with the $335,000.  Second, even assuming the principle applies here, the Ninth Circuit has made clear that "this exception does not nullify Rule 9(b); a plaintiff who makes allegations on information and belief must state the factual basis for the belief." *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993).  This is just another way to say that a plaintiff must plead a plausible factual basis for allegations asserting a defendant's secret intent not to honor a deal in a promissory fraud claim.[2]  Plaintiff has not done so.  Thus, the Court **DISMISSES** this claim with leave to amend.[3]

### ii. Conversion (Claim Two)

Defendants also argue that Plaintiff failed to meet Rule 9(b)'s particularity requirements for the conversion claim.[4]  First, Defendants argue that Plaintiff "fails to include pertinent dates underlying the conversion to satisfy the 'when' as required by Rule 9(b)." Mot. at 15.  The Court disagrees.  "Because th[e Rule 9(b)] standard does not require absolute particularity or a recital of the evidence[,] a complaint need not allege a precise time frame, describe in detail a single specific transaction or identify the precise method used to carry out the fraud." *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1180 (9th Cir. 2016) (quotations omitted) (cleaned up).  Plaintiff alleges that he began to discuss a business relationship with Mr. Spano in "early 2023,"

---

[2] The Court doubts that the "relaxed" Rule 9(b) principle has much impact in standard promissory fraud claims like this one.  Plaintiff does not cite any cases allowing conclusory allegations like his about fraudulent intent to survive a motion to dismiss because of the relaxed pleading principle.  The cases that Plaintiff cites applied a relaxed pleading standard in cases involving specific types of corporate fraud.  *See, e.g.*, *SmithKline*, 245 F.3d at 1052 ("Rule 9(b) may be relaxed to permit discovery in a limited class of corporate fraud cases where the evidence of fraud is within a defendant's exclusive possession."); *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540–41 (9th Cir. 1989) (applying a relaxed standard to 10b-5 claims, but still affirming dismissal for failure to plead a sufficient factual background); *Concha v. London*, 62 F.3d 1493, 1503 (9th Cir. 1995) (holding that "Rule 9(b) is not applicable in cases in which the complaint alleges breaches of fiduciary duty under ERISA, and does not allege fraud or mistake").

[3] The Court does not reach Defendants' argument—with respect to the fraud claim—that Plaintiff "failed to allege when the supposed fraud occurred." Mot. at 9.

[4] The parties dispute whether Rule 9(b) applies to this claim.  *Compare* Mot. at 14, *with* Opp. at 12–13.  Plaintiff's conversion claim describes the same course of conduct as his fraud claim, and Plaintiff alleges that the goal of Defendants' fraudulent scheme was their conversion of $335,000.  *See* Compl. ¶¶ 20–27, 32–37.  Given this, Plaintiff clearly alleges "a unified course of fraudulent conduct and rel[ies] entirely on that course of conduct as the basis of [his conversion] claim," and Rule 9(b) applies.  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103–04 (9th Cir. 2003).

and the Court can reasonably infer that the phone calls, emails, and meeting in New York City described immediately afterwards in the complaint took place around that time. Compl. ¶¶ 7, 9, 12, 15. Plaintiff alleges that "Mr. Suri asked Mr. Spano to deposit $335,000" as "part of that scheme proposed in New York City," and Plaintiff has provided specific details about the nature of the agreement and the amount of money involved. *Id.* ¶¶ 18–22. These allegations are sufficient to "give [Defendants] ample notice of [Plaintiff's theory], and to give [the Court] some assurance that the theory has a basis in fact." *Berson v. Applied Signal Tech., Inc.*, 527 F.3d 982, 989–90 (9th Cir. 2008); *see also Figy v. Lifeway Foods, Inc.*, No. 13-CV-04828-TEH, 2016 WL 4364225, at *5 (N.D. Cal. Aug. 16, 2016) (holding in class action context that general allegations about purchase within a class period are specific enough to give defendants notice). Defendants do not cite examples of courts dismissing cases that failed to cite specific dates, and the Court will not do so where the requirements of the pleading standard are otherwise met.[5]

Defendants next argue that Plaintiff has not pleaded that he had an ownership or immediate possessory right in the funds at the time of conversion. Mot. at 16. Under California law, "[t]he elements of a conversion claim are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages." *Brock v. Concord Auto. Dealership LLC*, No. 14-CV-01889-HSG, 2015 WL 3466543, at *4 (N.D. Cal. June 1, 2015) (quoting *Welco Electronics, Inc. v. Mora*, 223 Cal. App. 4th 202, 208 (2014)). Plaintiff alleges that "[t]he $335,000 deposited in the BCF account was owned by Mr. Spano," "Mr. Suri was clear that the funds would remain owned by Mr. Spano," and the parties "agreed that Mr. Spano would deposit $335,000 in an account identified by Mr.

---

[5] Defendants similarly argue that the details of Plaintiff's alleged agreement to give Defendant Suri $335,000 are insufficiently specific. Mot. at 15. They ask several rhetorical questions, including whether the agreement was written or oral, what the terms were, and whether there were conditions prohibiting the comingling of Plaintiff's funds with BCF's funds. *Id.* As the Court has already explained, Plaintiff has sufficiently alleged specific details about the agreement, including that "Mr. Spano would deposit $335,000 in an account identified by Mr. Suri and that the funds would be used only in a manner consistent with Mr. Spano's wishes if he agreed to meet the capital call." Compl. ¶ 20. Defendants do not explain why the absence of the more granular details they gesture at are grounds for dismissal.

6

Suri and that the funds would be used only in a manner consistent with Mr. Spano's wishes."[6] Compl. ¶¶ 19–20, 32. This is sufficient at the pleading stage, and Defendants do not cite any authority holding that more—especially a specific account number, *see* Mot. at 17—is required.[7] The Court **DENIES** the motion with respect to the conversion claim.

### iii. Distinguishing Between Suri and BCF

Defendants argue that Plaintiff "fails to properly specify which actions and statements were made by [and] on behalf of Defendant BCF Loans, in its corporate capacity, and which actions and statements were undertaken by Defendant Suri, in his individual capacity." Mot. at 17–18. They argue that BCF cannot be held liable if "Defendant Suri was making these supposedly false statements in his personal capacity and for his own personal benefit," and Defendant Suri cannot be held liable if "he was pursuing a transaction on behalf of Defendant BCF Loans." Mot. at 19.

"Rule 9(b) does not allow a complaint to merely lump multiple defendants together," and plaintiffs must "differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 764–65 (9th Cir. 2007) (quotation omitted). In fraud claims, "a plaintiff must, at a minimum, identify the role of each defendant in the alleged fraudulent scheme." *Id.* (quotation omitted) (cleaned up). "There is no flaw in pleading, however, where collective allegations are used to describe the actions of multiple defendants who are alleged to have engaged in precisely the same conduct." *United Healthcare*, 848 F.3d at 1184.

---

[6] Defendants claim that Plaintiff has not pleaded "whether the agreement with Mr. Suri somehow preserved Plaintiff's actual ownership or granted immediate possessory rights in the funds after they were transferred to Defendant BCF Loans." Mot. at 16. This is plainly contradicted by these allegations in the complaint.

[7] When arguing that he could amend this claim with details about the wire transfer if needed, Plaintiff states that a receipt of the transfer was already provided in Dkt. No. 33-2. Opp. at 14. Defendants then argue that this exhibit proves the wire transfer came from the account of someone other than Plaintiff. Reply at 6. Defendants apparently infer this from an email address listed in that document. *See* Dkt. No. 33-2. That document is not attached to the complaint or incorporated by reference in the complaint, and the fact Defendants seek to use is not susceptible to judicial notice, so the Court does not consider it. *See United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). This is the kind of factual dispute that is more properly raised at a later stage of litigation.

7

1  Plaintiff has clearly informed Defendant Suri of his role in the alleged scheme, including
2  by alleging that "Mr. Suri, in his individual or corporate capacity, secretly withdrew Mr. Spano's
3  funds and used them to buy stock in BCB Community Bank, never informing Mr. Spano."
4  Compl. ¶ 23. Defendant Suri is alleged to be BCF's CEO, *id.* ¶ 4, and can be held liable for his
5  personal torts, contrary to Defendants' assertion. *Chunghwa Telecom Glob., Inc. v. Medcom,*
6  *LLC*, No. 5:13-CV-02104 HRL, 2013 WL 5688941, at *3 (N.D. Cal. Oct. 16, 2013) ("A corporate
7  officer or director is, in general, personally liable for all torts which he authorizes or directs or in
8  which he participates, notwithstanding that he acted as an agent of the corporation and not on his
9  own behalf." (quotation omitted)).
10 Plaintiff has also informed Defendant BCF of its role by alleging that Defendant Suri acted
11 on BCF's behalf. Compl. ¶ 20. While the pleadings addressing BCF are relatively sparse, the
12 Court can reasonably infer that Plaintiff's theory is that BCF engaged "in precisely the same
13 conduct" as Defendant Suri and is liable because its CEO committed conversion on its behalf. *See*
14 *United Healthcare*, 848 F.3d at 1184. This is enough at this stage. *Cf. Sebastian Brown Prods.,*
15 *LLC v. Muzooka, Inc.*, 143 F. Supp. 3d 1026, 1037 (N.D. Cal. 2015) (finding a complaint did not
16 impermissibly lump together two officers and a corporation where the officers allegedly
17 committed trademark infringement for the benefit of the corporation).[8] For these reasons, the
18 Court **DENIES** the motion on these grounds.

19 **IV.   CONCLUSION**
20 Defendants' motion to dismiss, Dkt. No. 76, is **GRANTED IN PART** and **DENIED IN**
21 **PART**. The Court **GRANTS** the motion **WITH LEAVE TO AMEND** with respect to Plaintiff's
22 fraud claim and **DENIES** it with respect to Plaintiff's conversion claim. Any amended complaint
23 must be filed within 21 days of the date of this order, and may not add any new claims or

---

[8] Defendants cite two non-binding cases to support their argument, but both are distinguishable. *See Borrego Cmty. Health Found. v. Inland Valley Invs.*, LLC, No. 21-CV-01417-AJB-AGS, 2023 WL 2518844, at *4 (S.D. Cal. Mar. 13, 2023) (addressing failure to plead three LLCs were alter egos that should be treated as one); *Studer v. Para-Song Music*, No. CV 10-1750 GAF (RCX), 2010 WL 11595711, at *5 (C.D. Cal. Sept. 13, 2010) (addressing "collective references [that] do not distinguish between [two] entities" that an individual was allegedly acting on behalf of).

defendants.[9]

**IT IS SO ORDERED.**

Dated: 11/20/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[9] Plaintiff asks the Court to use its inherent powers to assess attorneys' fees, claiming that Defendants have acted in bad faith. Opp. at 14–16 (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991)). Plaintiff argues that Defendant Suri does not dispute that he owes $335,000 and yet "represents to the Court that Mr. Spano does not have a claim against him." Opp. at 15. Defendants have raised plausible legal arguments for dismissal, even if the Court disagrees with several of those arguments. Even if the Court credited Plaintiff's arguments that Defendant Suri had previously agreed he owes Plaintiff money, Plaintiff has not identified any specific representations in Defendants' motion that are false or arguments that are without legal merit. The Court accordingly **DENIES** Plaintiff's request.

9