United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES SPANO,
Plaintiff,
v.
SUNIL SURI, et al.,
Defendants.

Case No. 25-cv-04379-HSG

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT**

Re: Dkt. No. 108

Pending before the Court is Defendants' motion for summary judgment with respect to Plaintiff's California claims for promissory fraud and conversion under Federal Rule of Civil Procedure 56. ("Mot."), Dkt. No. 108. The Court found this matter appropriate for disposition without oral argument and the matter was deemed submitted. Civil L.R. 7-1(b); Dkt. No. 115. The Court **DENIES** Defendants' Motion.

## I. BACKGROUND

This case concerns the fallout from a failed financial transaction between the parties. In the first half of 2023, Plaintiff and Defendants discussed a possible deal regarding an entity called Sol-REIT. Declaration of James Spano ("Spano Decl."), Dkt. 113-1 ¶ 3; Declaration of Sunil Suri ("Suri Decl."), Dkt. 108-1 ¶ 5. Plaintiff held an ownership interest in an LLC called ILYM Solar, through which Plaintiff had an interest in Sol-REIT. Spano Decl. ¶ 2; Suri Decl. ¶ 6. Defendant Suri worked for Defendant BCF Loans, Inc., and contemplated merging Sol-REIT with BCF Loans. Spano Decl. ¶ 3; Suri Decl. ¶¶ 2, 5–6, 8. To that end, Plaintiff appointed Defendant Suri as ILYM Solar's Sol-REIT representative to negotiate with the other Sol-REIT owners. Spano Decl. ¶ 6; Suri Decl. ¶¶ 13–14. In the midst of an ongoing Sol-REIT capital call and merger

negotiations, Plaintiff transferred $335,000 to Defendants. Spano Decl. ¶¶ 3–4, 7–8; Suri Decl. ¶¶ 12, 15. After the transaction fell through, Defendants did not return the full $335,000 to Plaintiff. Spano Decl. ¶¶ 9, 15–18; Suri Decl. ¶¶ 19, 21.

Plaintiff filed his original complaint in the U.S. District Court for the Southern District of New York, Dkt. No. 1, and the case was then transferred to this Court, Dkt. Nos. 59–60. The parties briefed Defendants' motion to dismiss, which the Court granted with respect to the California fraud claim and denied with respect to the California conversion claim. *Spano v. Suri*, No. 25-cv-04379-HSG, 2025 WL 3240805 (N.D. Cal. Nov. 20, 2025). Plaintiff then filed a First Amended Complaint ("FAC"), Dkt. No. 97. Rather than bringing a second motion to dismiss, Defendants elected to answer and proceed through discovery, Dkt. No. 98, after which the parties briefed this motion for summary judgment, *see* Mot.; Opposition ("Opp."), Dkt. No. 113; Reply ("R."), Dkt. No. 114.

## II. LEGAL STANDARD

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the initial burden of identifying "the pleadings," discovery, and affidavits that "demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). And a dispute is "genuine" if there is evidence in the record sufficient for a reasonable trier of fact to decide in favor of the non-moving party. *Id.* The court must draw all reasonable inferences from the record in the light most favorable to the non-moving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986), and may not "weigh the evidence" or make "[c]redibility determinations," *Anderson*, 477 U.S. at 255.

The "burden then shifts to the non-moving party to designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citation omitted). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record." Fed. R. Civ. P.

56(c)(1)(A). In doing so, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. A non-moving party must "identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (internal quotations omitted). If the non-moving party fails to produce evidence that supports its claim or defense, the court enters summary judgment in favor of the movant. *Celotex*, 477 U.S. at 323.

## III. DISCUSSION

### a. Promissory Fraud Claim

Defendants are not entitled to summary judgment under Rule 56 with respect to Plaintiff's California promissory fraud claim.

Promissory fraud in California is a promise "made without any intention to perform." *Rand Res., LLC v. City of Carson*, 6 Cal. 5th 610, 626 (2019) (citation omitted). The elements of promissory fraud are: "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Lazar v. Super. Ct.*, 12 Cal. 4th 631, 638 (1996) (quotation omitted). "[S]omething more than nonperformance is required to prove the defendant's intent not to perform his promise." *Tenzer v. Superscope, Inc.*, 39 Cal. 3d 18, 30 (1985) (quotation omitted). "[T]he element of falsity requires the plaintiff to point to facts which show the statement was false at the time it was made." *RHUB Commc'ns, Inc. v. Karon*, No. 16-cv-06669-BLF, 2017 WL 3382339, at *10 (N.D. Cal. Aug. 7, 2017).

Defendants argue that they are entitled to summary judgment because Plaintiff fails to identify any dispute of material facts as to elements (a), (c), (d), and (e). Mot. at 15–20. Plaintiff counters that there is a genuine dispute of material fact as to whether Defendants falsely promised during transaction negotiations to successfully close the transaction or otherwise refund Plaintiff's money, and that the remaining contested elements of promissory fraud are subject to reasonable dispute for related reasons. Opp. at 6–9. The Court agrees with Plaintiff.

Under California law, because "rarely does a plaintiff have direct evidence of a defendant's fraudulent intent," circumstantial evidence may be used to prove the first and third

elements of promissory fraud. *Las Palmas Assocs. v. Las Palmas Ctr. Assocs.*, 235 Cal. App. 3d 1220, 1239 (1991). "The Court can infer that a statement was false at the time it was made from such circumstances" including: (1) a "defendant's hasty repudiation of the promise," (2) "his failure to even attempt performance," (3) "continued assurances after it was clear he would not perform," and (4) "defendant's insolvency." *PHC Co. v. BSC Inv. Grp.*, No. 25-cv-09050-EKL, 2026 WL 2078126, at *1 (N.D. Cal. June 10, 2026) (cleaned up) (*quoting Tenzer*, 39 Cal. 3d at 30–31).

At a minimum, Plaintiff proffers evidence that he provided $335,000 to Defendants for a particular transaction, and that Defendants promised to return the money to Plaintiff if that transaction was not completed. Plaintiff's declaration attests that his funds were to be returned if the specified transaction did not occur. Spano Decl. ¶¶ 7, 16, 18. Plaintiff's second summary judgment affidavit corroborates these representations at least in part. *See* Declaration of Timothy Grell ("Grell Decl."), Dkt. No. 113-2 ¶¶ 8–11.[1]

Plaintiff contends that *Tenzer* circumstances two through four apply to this case. Opp. at 7–8. A genuine dispute of material fact exists with respect to at least whether Defendants' promises were false when made based on "continued assurances after it was clear [Defendants] would not perform." *Tenzer*, 39 Cal. 3d at 30. Plaintiff introduces evidence that a reasonable jury could find reflects that Defendant Suri assured Plaintiff three times that the entire $335,000 at issue would be repaid after it was clear Defendants did not intend to follow through on that promise. Spano Decl. ¶¶ 8–10, 14, 16. In the first communication on April 21, 2023, Defendant Suri responded to an email, "[F]ollowing up on the $335k we transferred to BCB a few weeks ago" on the "underst[anding] that the funds would be returned th[at] week." Dkt. No. 113-1 at 9–10. Defendant Suri did not challenge whether that particular sum—$335,000—was in fact owed,

[1] Defendants argue in a single sentence without any specific factual basis that Grell's declaration lacks personal knowledge or is otherwise inadmissible. R. at 4 n.1 The Court agrees that like most of the evidence in this case, the Grell declaration is weak, repeatedly asserting Grell's "understanding" without specifying the basis for that understanding. But Grell's sworn declaration carries at least some evidentiary weight at this stage, and he does directly ground some of his key conclusions in his "knowledge and involvement in the discussions surrounding these events." Dkt. No. 113-2 ¶¶ 1, 11.

or otherwise disagree with his obligation to return those funds. Rather, Defendant Suri confirmed that he was the proper person "to address" the refund request and that "I will" complete the refund. *Id.* A reasonable interpretation of that evidence is that Defendant Suri gave an unequivocal assurance that he would complete the refund payment requested—specifically, the "$335k we transferred" to Defendants. *Id.*

In that same email chain, Defendant Suri represented that he would "complete" the wire in question "when I return to the US." Dkt. No. 131-1 at 8–10. On April 29, 2023, Defendant Suri then acknowledged his agreement to make repayment of the full sum in question by noting that he was experiencing issues with banking fraud that created his purported "inability to send back the $335k." Dkt. No. 131-1 at 14.[2] Further, at some point, Defendant Suri texted Plaintiff indicating that he had processed a wire transfer, only for Plaintiff to discover that no such wire transfer had been completed. Dkt. No. 131-1 at 23; Spano. Decl. ¶ 14. And ultimately, after all of this conduct, Defendants only wired Plaintiff $50,000—15% of the money Defndant Suri said "I will" return. Spano Decl. ¶ 15.

Plaintiff's evidence on this claim is far from overwhelming. But drawing all inferences in Plaintiff's favor at this stage, the record contains enough circumstantial evidence for a reasonable jury to conclude that Defendant Suri's ongoing assurances that he would pay (including a purportedly false suggestion that he had already wired money back to Plaintiff), his communications where he did not initially dispute the sum owed, and his eventual return of a fraction of Plaintiff's money together reflect that Defendants never intended at the time of the parties' agreement to fully return Plaintiff's funds if the transaction fell through.

Further, Plaintiff has necessarily placed at issue the topic of damages arising from Defendants' refusal to repay Plaintiff's funds for the purpose of promissory fraud's element (e). *Cf.* Mot. at 20. Finally, the issue of Plaintiff's reasonable reliance under element (d) is properly a jury question on these disputed facts. *Boeken v. Philip Morris, Inc.*, 127 Cal. App. 4th 1640, 1666

---

[2] Defendants argue that these representations only conveyed an intent to return some "funds," and contend that some funds (namely, $50,000) were returned. R. at 15. But the Court must draw all reasonable inferences in Plaintiff's favor on this motion, not view the evidence in the light most favorable to Defendants.

(2005) (*citing All. Mortg. Co. v. Rothwell*, 10 Cal. 4th 1226, 1239 (1995)); *cf.* Mot. at 19–20.

Defendants are not entitled to summary judgment on Plaintiff's promissory fraud claim.

**b. Conversion Claim**

Defendants are not entitled to summary judgment under Rule 56 with respect to Plaintiff's California conversion claim.

The elements of conversion in California are: "(a) plaintiff's ownership or right to possession of personal property, (b) defendant's disposition of property in a manner inconsistent with plaintiff's property rights, [] (c) resulting damages" and (d) in some circumstances "a specific sum capable of identification." *Voris v. Lampert*, 7 Cal. 5th 1141, 1150–52 (2019) (quotations omitted). For conversion claims related to money, there must be "a specific sum capable of identification" and interference with "the plaintiff's possessory interest" in that money. *Id.* at 1151 (emphasis removed) (quotations omitted).

Defendants' principal argument is that Plaintiff did not own the money in question and therefore had no ownership or possessory right as required under the first element. Mot. at 20–23; R. at 5–10. Defendants point to evidence calling into question whether Plaintiff, or a third party not before the Court, owns or has a possessory interest in the funds. Suri Decl. ¶ 18; Dkt. Nos. 108-6–7. Plaintiff responded by challenging Defendants' characterization of his ownership or possessory interest in the funds, averring that the third party in question is Plaintiff's wife, the account from which the funds were transferred to Defendants was jointly maintained by the two, and that Plaintiff had control over the funds sufficient to direct their transfer. Spano Decl. ¶¶ 7–8, 17–18. This evidence is supported by a second declaration, Grell Decl. ¶¶ 7–9, as well as documentary evidence suggesting either singular or joint custody and control over the funds, *see* Dkt. 113-1 at 10 (using the word "we" with respect to control over the funds), 21 (referring to the funds as Plaintiff's). Plaintiff submits sufficient evidence from which a reasonable jury could conclude that Plaintiff had a "right of ownership or possession" in the funds. *Voris*, 7 Cal. 5th at 1151. This is further supported by evidence that Plaintiff was entitled to reversion of the funds should the transaction fail. Spano Decl. ¶¶ 7, 16, 18; Grell Decl. ¶ 10.

Defendants separately argue as a matter of law that Plaintiff has not identified a specific

sum to sustain a conversion claim for money in California. Mot. at 23–24; R. at 11–13. The Court disagrees. While California generally requires identification of a specific sum of money to sustain a conversion claim, "each coin or bill" need not be "earmarked" in some manner allowing for particularized identification in that sense. *Voris*, 7 Cal. 5th at 1151–52. Rather, Plaintiff need only identify "a specific sum capable of identification." *Id.* And the parties at least agree that Plaintiff transferred a discrete sum—$335,000—which can be identified by wire transfer banking records. Spano Decl. ¶ 8; Dkt. No. 108-6. Plaintiff has proffered evidence sufficient to permit a reasonable jury to find that Defendants were fiduciaries who "misappropriated, commingled, or misapplied specific funds held for the benefit of others." *PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP*, 150 Cal. App. 4th 384, 396 (2007) (citations omitted); *see* Spano Decl. ¶¶ 7–8, 17–18; Grell Decl. ¶¶ 7–9; Dkt. No. 113-1 at 25. This is sufficient under California law to ground a conversion claim for money.

Defendants are not entitled to summary judgment on Plaintiff's conversion claim.

## IV. CONCLUSION

The Court **DENIES** Defendants' motion for summary judgment.

**IT IS SO ORDERED.**

Dated: 10/5/2026

Haywood S. Gill Jr.

HAYWOOD S. GILLIAM, JR.
United States District Judge